**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Gary D. Ervin,

    Petitioner,

v.

Warden, United States Penitentiary,
    Lewisburg, Pennsylvania, *et al.*,

    Respondents.

CASE NO. 1:09cv028

Judge Michael R. Barrett

## ORDER

Petitioner Ervin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 14, 2009 (Doc. 2) which was amended to add the Ohio Attorney General as a Respondent (Doc. 8). Ervin seeks relief from the sentence that Ohio imposed following his pleading of guilty to aggravated robbery with a firearm specification on January 10, 2008. Ervin was sentenced to a total of ten years of imprisonment to be served concurrently with all federal sentences imposed. Respondent, the Ohio Attorney General, filed a motion to dismiss with numerous exhibits attached (Doc. 13). The Warden has not responded to this petition. On January 12, 2010, Magistrate Judge Merz filed a Report and Recommendation (hereinafter, the "Report") (Doc. 21) recommending that the Respondent's motion to dismiss be denied and that the pending petition be denied. The Petitioner objected to the Report (Doc. 22). Magistrate Judge Merz then filed a Supplemental Report and Recommendation (hereinafter, the "Supplemental Report") (Doc. 23) to which Petitioner again objected (Doc. 24).

For the reasons provided below, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

I. Background and Facts

Petitioner plead guilty to aggravated robbery with a firearm specification in exchange for the dismissal of several other counts. The parties agreed to the sentence. Petitioner asserts that he only plead guilty because his time to file a §2255 motion relating to his federal convictions was expiring and he needed to get back to the federal penitentiary to file those motions. Petitioner asserts that the indictment was defective and that he was denied effective assistance of counsel. Petitioner asserts that he specifically told his attorney to file an appeal and that the attorney said he would take care of it. However, no timely appeal was filed. Petitioner asserts that when he learned that his counsel did not file the appeal, that he filed a notice for leave to file an untimely appeal which was denied. The Respondent filed a motion to dismiss arguing that Petitioner was not in State custody. The Report recommended that the motion to dismiss be denied and that both grounds of the petition be denied.

II. Legal Analysis and Opinion

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the assigned district judge "shall make a de novo determination...of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed. R. Civ. P. 72(b). After review, the district judge "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id; see also* 28 U.S.C. 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object.

Here, the Respondent did not object to the denial of its motion to dismiss. After a

de novo review, the Court agrees with the Magistrate Judge's recommendation. Petitioner did not object to the denial of his first ground for relief relating to the allegedly defective indictment. This Court has reviewed the matter de novo and agrees with the Magistrate Judge's recommendation.

However, the Petitioner does object to the Magistrate Judge's recommendation that his second ground for relief be denied. The Magistrate Judge recommends denial because Petitioner's claim of ineffective assistance of counsel is procedurally defaulted due to his failure to present this claim to the state courts. In particular, Petitioner failed to plead this claim for relief in his petition for post-conviction relief. See Doc. 13-1, p29. In Petitioner objections (Docs. 22 and 24), he argues that the he did raise the issue before the Court of Appeals when he filed his motion for leave to file a delayed appeal on June 17, 2008. However, this shows that Petitioner was aware of the ineffective assistance claim on June 19, 2008 when he signed the certificate of service of his petitioner for post-conviction before the state court but yet still failed to raise the claim.

In addition, Petitioner objects to the Magistrate Judge considering the procedural default issue *sua sponte*. However, as properly set forth in the Supplemental Report, although a district court is not required to raise the issue *sua sponte* it certainly can do so. "While federal courts are not required to sua sponte raise the issue of procedural default, neither are they precluded from doing so." *Gordon v. Voorhies*, 2010 U.S. Dist. LEXIS 25142, 10-11 (S.D. Ohio Mar. 17, 2010). *See Elzy v. United States,* 205 F.3d 882, 886 (6th Cir. 2000), *citing Test v. Cain*, 522 U.S. 87, 87 (1997); *Rosario v. United States*, 164 F.3d 729, 732-33 (2nd Cir. 1998); *see also Day v. McDonough*, 547 U.S. 198 (2006), noting that

> the Courts of Appeals have unanimously held that, in appropriate

> circumstances, courts, on their own initiative, may raise a petitioner's procedural default, i.e., a petitioner's failure properly to present an alleged constitutional error in state court, and the consequent adequacy and independence of state-law grounds for the state-court judgment. (Internal citations omitted).

Here Petitioner had an opportunity to respond to the Magistrate Judge's recommendation by way of his objections to the Report and the Supplemental Report. *Gordon v. Voorhies*, 2010 U.S. Dist. LEXIS 25142, 11 (S.D. Ohio Mar. 17, 2010).

### III. Conclusion

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well reasoned, and correct. Thus, the Court ADOPTS the Magistrate Judge's Report and Recommendation and Supplemental Report and Recommendation in its entirety (Docs. 20 and 23), and DENIES Respondent's motion to dismiss (Doc. 33). The Petition for Writ of Habeas Corpus (Doc. 2) is DENIED.

Further, the Court FINDS that a certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000) because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis. Fed. R. App. P. 24(a), *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED.**

*s/Michael R. Barrett*
UNITED STATES DISTRICT JUDGE