# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY D. ERVIN,

              Petitioner,        :        Case No. 1:09-cv-028

  - vs -                                    District Judge Michael R. Barrett
                                                              Magistrate Judge Michael R. Merz

WARDEN, United States Penitentiary,
 Lewisburg, Pennsylvania,

              Respondent.       :

## REPORT AND RECOMMENDATIONS ON MOTION TO
## ALTER OR AMEND THE JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion to Alter or Amend the Judgment (Doc. No. 28), filed pursuant to Fed. R. Civ. P. 59(e). As a post-judgment motion, it is deemed referred to a magistrate judge under 28 U.S.C. § 636(b)(3) and requires a report and recommendations.

While a motion to alter or amend the judgment may be used to correct "manifest errors of law or fact" or "to prevent manifest injustice," it may not be used "to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1. Essentially, Petitioner's instant Motion is attempting to persuade the Court to reconsider the merits of its final decision.

While the Court would be justified in denying the Motion because it only seeks reconsideration, the Motion is also without merit. For the reasons set forth in the Court's Order of March 31, 2010 (Doc. No. 25), it was permissible for the Magistrate Judge to consider *sua sponte*

Petitioner's procedural default in presenting his ineffective assistance of trial counsel claim to the state courts.

Petitioner now asserts that he demonstrated cause for not claiming ineffective assistance of trial counsel in his post-conviction petition, to wit, that such a claim would have been barred in such a petition by Ohio's criminal *res judicata* doctrine. However, that doctrine only bars claims in post-conviction which were or could have been raised on direct appeal. *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967). Claims which depend on evidence *dehors* (outside) the record are not barred. Petitioner's particular ineffective assistance of trial counsel claim – that he told his lawyer to appeal and the lawyer did not – is plainly based on evidence outside the record: the record would not show any such conversation with counsel. Petitioner now argues that a court of appeals could have found this instance of ineffective assistance of trial counsel from the face of the record by noting that there was no notice of appeal. This claim ignores two essential facts: 1) the Court of Appeals would never have the record if no notice of appeal was filed, and 2) while absence of a notice of appeal is an essential fact in such a claim, there is also the requirement that a defendant asked the lawyer to file a notice of appeal, which would not appear in the record. See *Roe v. Flores-Ortega,* 528 U.S. 470 (2000); *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998).

Finally, Petitioner suggests that somehow the Magistrate Judge recommended denial of the Petition because Petitioner did not show what meritorious claims he would have made on appeal. To the contrary, the Magistrate Judge noted that no such showing was required. See Report and Recommendations, Doc. No. 20, PageID 134, citing *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini,* 945 F.2d 458 (1st Cir. 1991); *Estes v. United States*, 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990).

The Petitioner has not demonstrated any manifest error of law or fact. The Motion to Alter or Amend the Judgment should be denied.

April 21, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), or (E) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).