UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gary D. Ervin,

    Petitioner,

    v.

Warden, United States Penitentiary,
Lewisburg, Pennsylvania, et al,

    Respondent.

Case Action No.: 1:09-cv-028

Judge Michael R. Barrett

## OPINION & ORDER

This habeas-corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner Gary D. Ervin's Motion to Alter or Amend Judgment (Doc. 28). Petitioner Ervin filed a petition for a writ of habeas corpus on January 14, 2009 (Doc. 2), which was amended to add the Ohio Attorney General as a Respondent (Doc. 8). Ervin ultimately seeks relief from the sentence imposed by Ohio following his plea of guilty to aggravated robbery with a firearm specification on January 10, 2008. Ervin was sentenced to ten years imprisonment to be served concurrently with all federal sentences.

On July 22, 2009, Respondent Ohio Attorney General filed a motion to dismiss (Doc. 13) Petitioner's habeas petition. On January 12, 2010, Magistrate Judge Michael R. Merz filed a Report and Recommendation (Doc. 20) recommending that Respondent's motion to dismiss be denied and that the pending habeas petition be denied. Petitioner objected (Doc. 22), and the magistrate judge filed a Supplemental

1

Report and Recommendation (Doc. 23) to which Petitioner again objected (Doc. 24). This Court considered each of those filings and adopted all of the magistrate judge's recommendations (Doc. 25)—Respondent's motion to dismiss (Doc. 13) was denied, and the Petition for Writ of Habeas Corpus (Doc. 2) was denied as well. This Court further found that a certificate of appealability should not issue and petitioner was denied leave to appeal *in forma pauperis*. (Doc. 25, 4.)

Petitioner subsequently filed a Motion to Alter or Amend Judgment (Doc. 28). Magistrate Judge Merz filed a report and Recommendation ("Report") on this motion (Doc. 29) recommending that Petitioner's latest motion be denied. (Doc. 29, 3.) The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Petitioner filed an Objection (Doc. 30) to the Report. Respondents have filed no responses. For the following reasons, this Court ADOPTS Magistrate Judge Merz's Report (Doc. 29), and Petitioner's Motion to Alter or Amend Judgment (Doc. 28) is DENIED.

**I.     Background and Facts**

Petitioner plead guilty to aggravated robbery with a firearm specification in exchange for the dismissal of several other counts. The parties agreed to the sentence. Petitioner asserts that he only plead guilty because his time to file a §2255 motion relating to his federal convictions was expiring and he needed to get back to the federal penitentiary to file those motions. Petitioner asserts that the indictment was defective and that he was denied effective assistance of counsel. Petitioner asserts that he

2

specifically told his attorney to file an appeal and that the attorney said he would take care of it. However, no timely appeal was filed. Petitioner asserts that when he learned that his counsel did not file the appeal, he filed a notice for leave to file an untimely appeal, but this was denied. (Doc. 25, 2.)

Magistrate Judge Merz determined *sua sponte* that Petitioner's claim of ineffective assistance of counsel was procedurally defaulted because he failed to raise it during his state post-conviction motion. Petitioner objected to this *sua sponte* consideration of procedural default arguing that Respondent had waived this as a defense. This argument was rejected in the magistrate judge's reports and by this Court's prior Order. (Doc. 28, 3.) Petitioner raises this same objection once again. (Doc. 28, 3–6; Doc. 30, 3–4.)

II. **Legal Analysis**

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; s*ee also* 28 U.S.C. § 636(b)(1)(B). General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A. **Altering or Amending a Judgment**

Petitioner's motion to alter or amend judgment is brought under Federal Rules of

3

Civil Procedure Rule 59(e). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court and is reversible only for abuse. *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). There are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; and (3) to correct a clear error of law or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Berridge v. Heiser*, 993 F. Supp. 1136, 1146–47 (S.D. Ohio 1997). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

### B. Petitioner's Objections

In his motion to amend currently under consideration, Petitioner argues that this Court must alter its judgment denying him habeas-corpus relief to prevent a manifest injustice and to correct a clear error of law. (Doc. 28, 3.) More specifically, Petitioner argues that (1) the magistrate judge erred by *sua sponte* considering procedural default, and (2) his counsel was ineffective because Petitioner's instructions to appeal were not followed. (Doc. 28, 3, 6.)

This Court has already considered Petitioner's first objection. (Doc. 25, 3–4.) Given that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case," *Sault Ste. Marie*, 146 F.3d at 374, and given that Petitioner has failed to cite any clear errors of law, the Court declines to reargue this settled issue. The Court ADOPTS the Report's reasoning regarding Petitioner's first objection.

This result necessarily means that Petitioner's second objection cannot be reached. His procedural default cannot be excused, and thus, his ineffective-

4

assistance-of-counsel claim cannot be heard.  Despite this failure, the Court has nevertheless reviewed Petitioner's claims de novo and it is clear that has not demonstrated any error of law or fact in his ineffective-assistance-of-counsel arguments.  (*See* Doc. 28, 6–8.)  The Court ADOPTS the Report's reasoning regarding Petitioner's second objection.

### III. Conclusion

Having reviewed this matter de novo, the Court finds the magistrate judge's Report to be well reasoned and correct.  Thus, the Court ADOPTS the magistrate judge's Report (Doc. 29) in its entirety, and Petitioner's Motion to Alter or Amend Judgment (Doc. 28) is DENIED.  The Clerk of Court is directed to terminate this matter from the docket of this Court.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge