# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GARY D. ERVIN,

        Petitioner,       :      Case No. 1:09-cv-028

  - vs -                                  District Judge Michael R. Barrett
                                            Magistrate Judge Michael R. Merz

WARDEN, United States Penitentiary,
 Lewisburg, Pennsylvania,

        Respondent.       :

---

## REPORT AND RECOMMENDATIONS REGARDING NOTICE OF APPEAL

---

       This habeas corpus case is before the Court on Petitioner's March 17, 2011, Notice of Appeal (Doc. No. 33), indicating he is appealing both from the Court's final judgment of March 31, 2010 (Doc. No. 25) and from the Court's Order of March 2, 2011, denying his Motion to Alter or Amend the Judgment (Doc. No. 31).

       Under *Houston v. Lack,* 487 U.S. 266 (1988), Petitioner's Motion to Alter or Amend is deemed filed as of its mailing on April 15, 2010, and was therefore timely under Fed. R. Civ. P. 59. Under Fed. R. App. P. 4, the time for filing an appeal is tolled by the filing of a motion to amend the judgment and begins to run when that motion is decided. Petitioner's Notice of Appeal is therefore timely.

       The Court has already denied a certificate of appealability with respect to the final judgment denying habeas relief. In order to appeal from the denial of the motion to amend, he also requires a certificate of appealability. Upon review of the Motion, the Magistrate Judge concludes that reasonable jurists would not disagree that the Motion is without merit. Petitioner should therefore

be denied leave to appeal from denial of the Motion to Amend.

March 18, 2011.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).